**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GRAZYNA BIALEK,**

            **Plaintiff,**

**-vs-**                                  **Case No.  6:10-cv-1122-Orl-31DAB**

**VANGUARD FUNDING, LLC;**
**MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC.;**
**CITIMORTGAGE, INC. and FAY**
**SERVICING, LLC,**

            **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 33) filed by Defendant Vanguard Funding, LLC ("Vanguard").  Although the deadline for responding to the motion passed on October 12, 2010, the Plaintiff, Grazyna Bialek ("Bialek"), has not filed a response.

**I.**      **Background**

Except where noted, the following allegations from the Amended Complaint (Doc. 19) are accepted as true for purposes of resolving this motion to dismiss:  In 2007 Bialek and her husband[1] borrowed approximately $ 1 million from Vanguard, then known as Fidelity Borrowing Mortgage Bankers, against their condominium in New Smyrna Beach.  In relation to that transaction, Bialek received a notice (henceforth, the "Cancellation Notice"), which informed her that she had the right to cancel the transaction within three business days of the date of the transaction, the date she

---

[1]Bialek's husband passed away in 2009.

received a TILA disclosure, or the date she received "this notice of your right to cancel," whichever came last. (Doc. 19 at 7). A copy of the Cancellation Notice is attached to the Amended Complaint as Exhibit A.

Bialek asserts that her receipt of the Cancellation Notice was not enough to satisfy the disclosure requirements of the TILA (and its implementing regulations, known as "Regulation Z") for two reasons. Regulation Z requires that borrowers receive two copies of such notices, and the notices must provide clear and conspicuous notice of the borrower's right to cancel. Bialek asserts that she only received a single copy of the Cancellation Notice, and she says it was confusing on its face, thereby failing to provide the required clear and conspicuous notice.

According to Bialek, the Cancellation Notice was confusing for two reasons. First, the document contained handwritten alterations. The date of the transaction was originally given as "April 10, 2007", but that printed date was struck through and "May 7th, 2007" was handwritten in its place. (Doc. 19 at 6-7). Similarly, "April 13, 2007," the original deadline for cancellation by mail or telegram, was crossed out and "May 10th 2007" was written in. (Doc. 19 at 7). The second way in which the Cancellation Notice was confusing, Bialek says, is because the document she received "already purported to contain, at the direction of [Vanguard], an election to cancel." (Doc. 19 at 8). More specifically, she contends that Vanguard "requested and procured" her signature "on the line next to the statement 'I WISH TO CANCEL.'" (Doc. 19 at 7). Although that signature is dated May 7, 2007, Bialek never sent that document to any of the defendants.

Bialek contends that, because the TILA disclosures were not properly made, her statutory right to rescind the transaction was extended from three days to three years. On February 16, 2010, Bialek purported to exercise this right by sending a "TILA Rescission Notice" (Doc. 19 at

24-25) to Vanguard and the other defendants in this case.  Bialek contends that the TILA Rescission Notice, among other things, terminated any security interest the Defendants might have had in her condominium and obligated them to return any money or property she had advanced in connection with the transaction.  She contends (and Vanguard does not dispute) that Vanguard did not take any steps to reflect the termination of the security interest or to return her money or property.

This case was filed in state court on May 7, 2010 and removed to this Court on July 28, 2010.  (Doc. 1).  Bialek filed her Amended Complaint on August 25, 2010.  In Count I and Count II of the Amended Complaint, Bialek seeks money damages and restitution, respectively, under the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 *et seq.*  In Count III and Count IV, she seeks declaratory relief under federal and state law, respectively, and in Count V, she seeks to quiet title to her condominium under state law.  On September 22, 2010, Vanguard filed the instant motion, seeking to have all of Bialek's claims dismissed with prejudice.

**II.    Legal Standards**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).  In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most

favorable to the plaintiff.  *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).  The Court must also limit its consideration to the pleadings and any exhibits attached thereto.  FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007).  Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**III.    Analysis**

Vanguard argues that Bialek's claim must be dismissed because she filed it more than three years after the closing of the loan at issue here.  TILA provides all borrowers with a three-day right to rescind.  15 U.S.C. § 1635(a).  Where a lender fails to provide the disclosures required by 15 U.S.C. § 1635(a), TILA extends the right to rescind until "three years after the date of consummation of the transaction."  15 U.S.C. § 1635(f).  "Consummation" in this context is defined by Regulation Z as "the time that a consumer becomes contractually obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13).  Section 1635(f) is a statute of repose, rather than a statute of limitation, and the right to rescind is completely extinguished at the end of the three years, even if the lender never makes the required disclosure.  *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412-13 (1998).  On their face, the note and mortgage at issue here were executed April 10, 2007, more than three years before Bialek's May 7, 2010 state court filing.  Moreover, the "TILA Rescission Notice" attached to the Amended Complaint identifies the date of the transaction as April 10, 2007.  (Doc. 19 at 24).

In her Amended Complaint, Bialek asserts that the "effective date" of the transaction was May 7, 2007. However, Bialek offers no explanation as to why this date, rather than the date on the face of the note and mortgage (and specified in her rescission notice), should be considered the "effective date," or why the statute of repose would not have begun to run until then. In the absence of a response from the Plaintiff, the Court sees no way in which the three year statute of repose did not begin to run on April 10, 2007, and any right of rescission Bialek might have possessed was extinguished no later than April 10, 2010.

Counts III through V of the Amended Complaint are based entirely on this purported right to rescind. In Counts III and IV, Bialek seeks declaratory judgments that her purported February 16, 2010 rescission was effective, that any security interest the Defendants might have possessed in her home have been terminated, and so on. In Count V, she seeks to quiet title under state law, again based on the premise that her attempted rescission was effective and terminated any security interest held by any Defendant in her home. Count II similarly depends on a right to rescind; in that count, Bialek seeks restitution equal to the amount of money and property that the Defendants should have returned to her when she rescinded the transaction in February 2010.[2]

Because Bialek's right to rescind terminated before she filed this suit, these counts are clearly barred. A statute of repose creates a substantive right in those protected to be free from liability after a legislatively determined period of time. *Jones v. Saxon Mortg., Inc.*, 537 F.3d 320, 327 (4th Cir. 1998). Allowing a borrower to effectively accomplish a rescission outside Section

---

[2] *See* 15 U.S.C. § 1635(b) (requiring creditor, upon rescission, to return "any money or property given as earnest money, down payment, or otherwise")

1635(f)'s three-year limit by way of restitution, declaratory judgment statutes or a quiet title statute would nullify this right. These counts will therefore be dismissed with prejudice.

Count I requires additional analysis. In that count, Bialek seeks money damages pursuant to 15 U.S.C. § 1640(a), which allows borrowers to recover actual or statutory damages for violations of, *inter alia*, 15 U.S.C. § 1635. Bialek seeks statutory damages (of between $200 and $2,000) for the alleged failure to provide her with "two copies of a clear and conspicuous notice of the right to rescind" and the alleged failure to take the proper steps – terminating security interests, returning money, and so on – in response to her Notice of Rescission. (Doc. 19 at 13). However, claims under Section 1640 must be brought within "one year from the date of the occcurence of the violation." 15 U.S.C. § 1640(e). Even under Bialek's version of events, any failure to provide her with the proper type of notice of her right to rescind occurred no later than May 10, 2007. Any claim for damages resulting from that failure would have had to have been brought by May 10, 2008. That claim is therefore barred.[3]

But this is not true of Bialek's second claim for money damages. Bialek attempted to exercise her right to rescind in February 2010, less than a year before this suit was filed. As such, any claim resulting from a failure to respond to her requested rescission would not be barred by the statute of limitations. Despite this, Vanguard argues that Count I should be dismissed in its entirety because Bialek's complaints about the notice she received – that she received one copy rather than two, that she was confused by the handwritten entries and the presence of her own

---

[3]Bialek also seeks to recover an unspecified sum of actual damages in this count. To the extent such damages are based on the alleged failure to disclose, they would be barred by the one-year statute of limitations.

signature – are too "hypertechnical" or minimal to constitute a failure to provide the notice required by TILA. And if Bialek received the proper notice, her right to rescind expired in 2007, which would mean that the Defendants did not violate TILA by failing to respond to her February 2010 request for rescission. However, it would not be proper to resolve this argument, which requires consideration of factual issues, in the context of a motion to dismiss.

## IV.     Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 33) filed by Defendant Vanguard Funding, LLC, is **GRANTED IN PART AND DENIED IN PART.** Counts II through V of the Amended Complaint are **DISMISSED WITH PREJUDICE.** In addition, in Count I, Bialek's claim for damages resulting from a failure to provide her with proper notice under TILA is **DISMISSED WITH PREJUDICE**. In all other respects, the motion is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 27, 2010.

                                                                                     _____
                                                                                     GREGORY A. PRESNELL
                                                                                     UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party